FILED

JAN 2 8 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LEE McNEELY,                    Civil No. 08-862-PK

        Petitioner,                FINDINGS AND RECOMMENDATION

   v.

BOB MARTINEZ,

        Respondent.


        HAROLD DUCLOUX, III
        Assistant Federal Public Defender
        101 S.W. Main Street, Suite 1700
        Portland, OR  97204

            Attorney for Petitioner

        JOHN R. KROGER
        Attorney General
        SUMMER R. GLEASON
        Assistant Attorney General
        Oregon Department of Justice
        1162 Court Street, NE
        Salem, OR  97301

            Attorneys for Respondent


   1 - FINDINGS AND RECOMMENDATION -

PAPAK, Magistrate Judge.

Petitioner, Christopher Lee McNeely, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his 2001 convictions for burglary, rape, unlawful sexual penetration, and sex abuse. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and judgment should be entered dismissing this action with prejudice.

## BACKGROUND

In 2001, McNeely pleaded guilty to, and was convicted of three counts of Burglary in the First Degree, and one count each of Coercion, Unlawful Sexual Penetration in the First Degree, Rape in the First Degree, and Sexual Abuse in the First Degree. (#13 Ex. 101.) The trial court imposed a combination of concurrent and consecutive sentencing totaling 29 years imprisonment. (#12, at 2.)

McNeely directly appealed his convictions, but the Oregon Court of appeals affirmed without opinion. *State v. McNeely*, 189 Or.App. 492, 76 P.3d 690 (2003). McNeely did not seek review from the Oregon Supreme Court, and final appellate judgment issued on October 28, 2003. (#13 Ex. 105.)

McNeely signed a petition for post-conviction relief (PCR) on August 20, 2004, asserting he was denied the effective assistance of counsel, but the PCR court denied relief. (#13 Ex. 107.) McNeely appealed, but the Oregon Court of Appeals affirmed without

2 - FINDINGS AND RECOMMENDATION -

opinion, and the Oregon Supreme Court denied relief.    (#13 Exs. 110, 111.)    Final judgment issued July 31, 2007.    (#13 Ex. 112.)

On July 22, 2008, McNeely filed a Petition for Writ of Habeas Corpus in this Court (#2), raising four claims that can be summarized as follows:

Ground One:    excessive upward departure sentencing;

Ground Two:    improper consecutive sentencing;

Ground Three:    ineffective assistance of counsel at sentencing;

Ground Four:    improper sentencing subsequent to pleading guilty.

Respondent asserts McNeely's federal habeas petition is untimely under the Antiterrorism and Effective Death Penalty Act's (AEDPA) 1-year statute of limitations, and that he has not demonstrated that he is entitled to equitable tolling.  McNeely seeks equitable tolling of the statute of limitations.

## DISCUSSION

The AEDPA was enacted on April 24, 1996.  Pursuant to the Act, a one-year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court.  28 U.S.C. § 2244(d)(1).  The limitation period is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

Respondent calculates McNeely's limitation period ran from

3 - FINDINGS AND RECOMMENDATION -

October 28, 2003, the date final appellate judgment issued, until August 20, 2004, the date on which McNeely signed his state PCR petition, and from July 31, 2007, the date final PCR appellate judgment issued, until July 15, 2008, the date the instant petition was signed, accruing a total of 647 days. (#11, at 2.)  The instant petition was, therefore, filed 282 days beyond the 365-day limitation period.

McNeely does not dispute Respondent's calculation of elapsed time and he concedes the instant petition was filed beyond the one-year limitation period under the AEDPA.  However, McNeely urges the court to apply equitable tolling, or grant him a hearing to present more evidence in support of his tolling arguments.  For the reasons set forth below, the Court finds neither equitable tolling nor that a hearing is warranted.

1.   Equitable Tolling

Although the Supreme Court has not yet done so, the Ninth Circuit has recognized that the AEDPA's one-year limitation is subject to equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Calderson v. Unites States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.) (en banc).  That said, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066

(internal quotation marks and citation omitted); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Equitable tolling is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time.'" *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)), *cert. denied*, 546 U.S. 1171 (2006). Equitable tolling may be justified when a prisoner is prevented from filing by a state official's wrongful conduct, an inadequate prison library, denial of access to his files, or an attorney's egregious conduct. *Id.* (citing cases). However, an attorney's miscalculation of the limitation period does not warrant equitable tolling, "particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 459 U.S. 327, 336-37 (2007); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculations and negligence in general do not constitute extraordinary circumstances). Nor does an inmate's ignorance of the law and lack of legal sophistication warrant equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).

A habeas petitioner seeking equitable tolling must establish "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way[,]" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner has not met this requirement.

McNeely contends equitable tolling should apply because his PCR counsel did not inform him in a timely manner that his petition for review in the PCR proceeding was denied. McNeely cites *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), for the proposition that counsel's failings justify equitable tolling. McNeely's argument is without merit.

In *Spitzyn*, counsel was hired specifically to file a federal habeas petition. Despite repeated contact by the petitioner's family and the petitioner, counsel did not file a habeas petition, and he did not return petitioner's legal files until several months after the limitation period had passed. Here, while McNeely alleges PCR counsel did not notify him until February 2008 that the Oregon Supreme Court denied review of his PCR appeal on July 31, 2007, a delay of approximately six months, PCR counsel's negligence does not justify equitable tolling. *Lawrence*, 549 U.S. at 336-37; *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculations and negligence in general do not constitute extraordinary circumstances).

Moreover, McNeely has not shown he diligently sought federal habeas review. Although McNeely asserts he wrote PCR counsel to inquire about his petition for review "but did not hear back[,]" he has not demonstrated he was diligently pursuing federal habeas review, or that he did so upon learning his PCR petition for review

6 - FINDINGS AND RECOMMENDATION -

had been denied.  Rather, McNeely appears to have attempted to contact his PCR attorney only once and, after learning his PCR appeal was final, 3 months elapsed before he filed his federal petition.  McNeely asserts his efforts to file a federal petition were hampered when he was placed in disciplinary segregation and denied access to his legal materials.  However, McNeely placement in disciplinary segregation was in June 2008, he learned of the finality of his PCR appeals in February 2008, and he has not shown extraordinary circumstances interfered with his filing a habeas petition in the interim months.

McNeely also argues he should be entitled to a tolling credit of 90 days from the date his direct appeal became final to account for time allowed to seek certiorari from the United States Supreme Court, despite his not having sought review from the Oregon Supreme Court.  (#27, at 6.)  However, McNeely acknowledges "28 U.S.C. § 1257(a) states that the ninety-day allowance should be granted only from 'final judgments or decrees rendered by the highest court of a State in which a decision could be had.'"  *Id.*  Because the Oregon Supreme Court is the highest court from which a decision could be had, and McNeely did not seek its review on direct appeal, he is not entitled to the 90 day credit.

2.  Evidentiary Hearing

In the alternative, McNeely seeks an evidentiary hearing on the tolling issue.  However, McNeely has not shown the court that

7 – FINDINGS AND RECOMMENDATION –

a hearing is warranted.

"A habeas petitioner . . . should receive an evidentiary hearing when he makes a 'good-faith *allegation that would, if true*, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)), *cert. denied,* 549 U.S. 1317 (2007). Equitable tolling for a federal habeas petition requires that the petitioner show he has been diligently pursuing *federal habeas relief* and that some extraordinary circumstances stood in his way. McNeely presents no evidence showing he was diligently pursuing federal habeas relief, or that extraordinary circumstances stood in his way. Accordingly, he would not be entitled to equitable tolling and an evidentiary hearing is not warranted.

## CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice. The Court further recommends a Certificate of Appealability not be issued as McNeely has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed,

then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendations are not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 28th day of January, 2010

_____
Paul Papak
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION -